U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 APR -5  A 11: 54

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | * | |
| Plaintiff, | * | CASE NO. |
| v. | * | |
| **JOHN DOE subscriber assigned IP address 76.100.4.32,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

## ORDER

The Court has pending before it this lawsuit brought by Plaintiff Malibu Media, LLC ("Malibu" or "Plaintiff"), alleging copyright infringement and other claims against a single "John Doe" defendant ("Doe Defendant"), who is alleged to have utilized the BitTorrent file distribution network to download adult pornographic films subject to copyrights held by Malibu. The Doe Defendant has been identified in the lawsuit only by an Internet Protocol address[1] ("IP Address") assigned to a customer on a specific date by an Internet Service Provider ("ISP" or "Provider") and through which the copyrighted work was allegedly downloaded. Malibu has filed a Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference, ECF No. 4, requesting permission to initiate discovery to identify the account subscriber ("Doe Subscriber") associated with the IP Address used to download its copyrighted films, notwithstanding the provisions of Fed. R. Civ. P. 26(d)(1), which preclude a party from seeking

---

[1] An IP address is not really an "address" or physical "place" in the usual sense of the words, and therefore the term can be quite misleading. In fact, it is only an electronic "route" to the internet assigned by a Provider to a customer on a given date and hour to provide access to the internet. The route can be assigned to different customers on given dates or given hours. If a customer accesses the internet briefly and signs off, the IP address is assigned to another customer.

discovery from any source before the parties have conferred as required by Rule 26(f). Malibu contends that it must be permitted to issue a Rule 45 subpoena to Providers to identify the customer assigned the IP Address on the date or dates in question in order to learn the identity of the person responsible for downloading the copyrighted works, and that there is no other way for it to obtain this information.

The Court is aware that in similar cases filed by plaintiffs in other jurisdictions against Doe Defendants, there have been concerns raised as to the sufficiency of the allegations of complaints because association of an IP address with a customer may be insufficient to state a claim.[2] There also have been reports of plaintiffs undertaking abusive settlement negotiations with Doe Defendants due to the pornographic content in the copyrighted works, the potential for embarrassment, and the possibility of defendants paying settlements even though they did not download the plaintiff's copyrighted material.[3]

---

[2] *See, e.g., Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233, 237–39 (E.D.N.Y. 2012) (noting many courts' "skepticism of the use of IP addresses to identify file sharing defendants in cases involving pornographic films," adopting a magistrate judge's finding that "an IP address alone is insufficient to establish 'a reasonable likelihood [that] it will lead to the identity of defendants who could be sued,'" and observing that "[d]ue to the prevalence of wireless routers, the actual device that performed the allegedly infringing activity could have been owned by a relative or guest of the account owner, or even an interloper without the knowledge of the owner.").

[3] *See, e.g., Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) ("The Court is concerned about the possibility that many of the names and addresses produced in response to Plaintiff's discovery request will not in fact be those of the individuals who downloaded [the copyrighted material]. The risk is not purely speculative; Plaintiff's counsel estimated that 30% of the names turned over by ISPs are not those of individuals who actually downloaded or shared copyrighted material. Counsel stated that the true offender is often the 'teenaged son . . . or the boyfriend if it's a lady.'"); *K-Beech, Inc. v. Does 1-85*, No. 3:11cv469-JAG, 2011 WL 10646535, at 4 (E.D. Va. Oct. 5, 2011), ECF No. 9 ("Some defendants have indicated that the plaintiff has contacted them directly with harassing telephone calls, demanding $2,900 in compensation to end the litigation . . . . This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does.").

Having considered the concerns raised by other courts that have addressed similar cases, and Malibu's motion requesting permission to initiate discovery to identify the John Doe ("Doe") Subscribers, the motion is GRANTED, subject to the following conditions and limitations.

1. Malibu may obtain from the clerk a subpoena to be served on the ISP through which the Doe Subscriber allegedly downloaded the copyrighted work, and may serve the ISP in accordance with Fed. R. Civ. P. 45. The subpoena may command production of documents and or electronically stored information (collectively, "Information") identifying the Doe Subscriber. The subpoena shall have, as an attachment, a copy of the complaint filed in this lawsuit, and a copy of this Order.

2. After having been served with the subpoena, the ISP will delay producing to Malibu the subpoenaed Information until after it has provided the Doe Subscriber with:

   a. Notice that this suit has been filed naming the Doe Subscriber as the one that allegedly downloaded copyright protected work;

   b. A copy of the subpoena, the complaint filed in this lawsuit, and this Order;

   c. Notice that the ISP will comply with the subpoena and produce to Malibu the Information sought in the subpoena unless, within 30 days of service of the subpoena, the Doe Subscriber files a motion to quash the subpoena or for other appropriate relief in this Court. If a timely motion to quash is filed, the ISP shall not produce the subpoenaed Information until the Court acts on the motion.

3. The Doe Subscriber may move to quash the subpoena anonymously, but MUST PROVIDE his or her name and current address to the Clerk of the Court so that the Court may provide notice of the filings to the Subscriber. This may be accomplished by completing and mailing to the Clerk of the Court the attached form. This contact information will not be disclosed to the Plaintiff and will be used solely for the purposes stated above. The Court will not decide any motions until the Doe Subscriber has provided all required information.

   If the Doe Subscriber fails to file a motion to quash the subpoena or for other appropriate relief within 30 days, the ISP shall provide to Malibu the Information requested in the Subpoena within 14 days. Malibu's use of this Information shall be restricted as further provided in this Order. Pursuant to Rule 45(c), Malibu shall reimburse the ISP for its

3

reasonable costs and expenses, including attorney's fees, associated with complying with the subpoena and this Order.

4. On receipt of the Information from the ISP, Malibu must mark it as "Highly Confidential," and, absent further order of the Court, may only use it to determine whether, pursuant to Rule 11(b), it has sufficient information to amend the complaint to name as an individual defendant the Subscriber. Unless otherwise ordered by the Court, Malibu, its agents, representatives and attorneys may not disclose the Information received from the ISP to any person not directly involved as an attorney in representing Malibu in this copyright infringement action relating to the Information received, except as provided below. Any person to whom the Information or its contents are disclosed shall be required to sign an agreement to be bound by the provisions of this Order, enforceable by an action for contempt, prior to being informed of the Information or its contents. Any amended complaint filed by Malibu naming an individual defendant shall be filed so that the name and any specifically identifying information is redacted from the publically available court docket, with an unredacted copy filed under seal. If Malibu determines that the Information received pursuant to the subpoena is insufficient to support the filing of an amended complaint, it may:

   a. Serve a subpoena pursuant to Rule 45(a)(1)(B) commanding the Subscriber to appear and attend a deposition to answer questions regarding whether the Subscriber was responsible for downloading the copyrighted work alleged in the original complaint.

   b. Pursuant to Rule 26(b)(2)(C), the deposition permitted pursuant to paragraph 3.a of this Order shall not last more than one hour in duration. Pursuant to Rule 37(a)(4), the Subscriber shall answer questions fully and unevasively, but may refuse to answer questions that would require the disclosure of privileged, (including the 5th Amendment privilege against self-incrimination) or work product protected information, as described in Rule 26(b)(1), (3) and (5).

   c. No further discovery will be permitted unless authorized by the Court.

5. Malibu is prohibited from initiating, directly or indirectly, any settlement communications with the Doe Defendant whose identity has been revealed pursuant to the Subpoena or deposition described in paragraph 3 above. Any settlement communications shall be initiated only as approved by the Court. On request of Malibu or the Doe Subscriber, submitted to the Court at any time, settlement shall be conducted under supervision of one or more Magistrate Judges designated by the Court for this purpose. Unless otherwise ordered by the Court, any settlement negotiations shall be subject to the confidentiality provisions of Local Rule 607.4. This paragraph shall not prevent Malibu from initiating or responding to a

request for settlement communications with a Doe Defendant that is represented by counsel.

**DONE AND ORDERED** this 5th day of April, 2016.

By: /s/ Ellen L. Hollander
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | * | |
| Plaintiff, | * | CASE NO. |
| v. | * | |
| JOHN DOE subscriber assigned IP address 76.100.4.32, | * | |
| | * | |
| Defendant. | * | |

## EX-PARTE NOTICE OF IDENTITY AND CURRENT ADDRESS

I, (full name) _____ am identified as the Doe Defendant _____ in the above-captioned matter. I hereby advise the Clerk of Court that my current address and telephone number are as follows:

_____

_____

Pursuant to the court's order, I understand that this information will be docketed as an *ex parte* submission so that only court personnel, and not Plaintiff, will be able to view this information.

_____                                    _____
Date                                                                          Signature